**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Julio Avelar, David Gomez, and Jose Maldonado,<br><br>                                    Plaintiffs,<br><br>        -v-<br><br>The Garden Dept. Corp., and Victor Caroleo,<br><br>                                    Defendants. | **Civ. Action #:**<br><br>**Complaint**<br><br>**Jury Trial Demanded** |

Plaintiff Julio Avelar, David Gomez and Jose Maldonado, ("Plaintiffs"), by Abdul Hassan Law Group, PLLC, their attorney, complaining of Defendants The Garden Dept. Corp., and Victor Caroleo (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiffs allege that they were employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), they are: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times their regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that they are: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, and (ii) is entitled to maximum liquidated damages and attorneys fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiffs are also entitled to recover their unpaid wages – including non-overtime and

overtime wages, and wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiffs' claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 USC § 216(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2202, 2201.

## THE PARTIES

7. Plaintiff Julio Avelar ("Plaintiff" or "Avelar") is an adult, over eighteen years old, who currently resides in Suffolk County in the State of New York.

8. Plaintiff David Gomez ("Plaintiff" or "Lopez") is an adult, over eighteen years old, who currently resides in Suffolk County in the State of New York.

9. Plaintiff Jose Maldonado ("Plaintiff" or "Maldonado") is an adult, over eighteen years old, who currently resides in Suffolk County in the State of New York.

10. Upon information and belief and all times relevant herein, Defendant The Garden Dept. Corp. ("GDC") was a New York for-profit corporation.

11. Upon information and belief and at all times relevant herein, the corporate Defendant was owned/controlled/managed by Defendant Victor Caroleo ("Caroleo") who was in charge of the operations and management of GDC.

12. Upon information and belief and at all times relevant herein, Defendants individually and/or jointly controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

13. Upon information and belief, Defendants GDC and Caroleo shared a place of business in Suffolk county, New York at 3672 NY-112, Coram, NY 11727, where Plaintiffs were employed.

14. At all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants.

## STATEMENT OF FACTS

15. Upon information and belief, and at all relevant times herein, Defendants were in the tree nursery business.

16. Upon information and belief, and at all relevant times herein, Defendants, individually and/or jointly, owned and/or operated 3 or more locations and employed 45 or more employees.

17. Plaintiff Avelar was employed by Defendants, individually and/or jointly, from in or around April 2018 to in or around August 2019.

18. Plaintiff Maldonado was employed by Defendants, individually and/or jointly, from on or about March 1, 2012 to in or around December 2018.

19. Plaintiff Gomez was employed by Defendants, individually and/or jointly, from in or around April 2014 to on or about November 23, 2019.

20. At all times relevant herein, Plaintiff was individually and/or jointly employed by Defendants as manual workers performing a variety of functions including lifting, moving and handling trees for display and delivery, cashiering etc.

21. At all times relevant herein, Plaintiff Gomez was paid at a rate of $10-$14.50 an hour, at separate times during his employment with Defendants.

22. At all times relevant herein, Plaintiff Julio was paid at a rate of $15 an hour, during his employment with Defendants.

23. At all times relevant herein, Plaintiff Maldonado was paid at a rate of $12-$16 an hour, at separate times during his employment with Defendants.

24. At all times relevant herein, Plaintiffs were paid for a few weekly overtime hours (hours over 40 in a week) at their correct overtime rate of 1.5 times their regular rate, Plaintiffs were paid at their straight regular rate for some overtime hours and Plaintiffs were not paid at all for the remaining overtime hours. For example, for the week ending November 17, 2019, Plaintiff Gomez worked about 78 hours and was paid for 44 of these 78 hours by check, including payment for 4 overtime hours by check at the correct overtime rate, payment for about 12 overtime hour at his straight regular pay for about 12 overtime hours, and no payment for the remaining overtime hours. This example is reflective of Defendants' payment pattern during the entire period of Plaintiffs' employment with them.

25. At all times relevant herein, Plaintiffs worked about 72-105 hours a week; 6-7 days a week during their employment with Defendants.

26. A more precise statement of the hours and wages will be made when Plaintiffs obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. Accurate copies of Plaintiffs' wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

27. At all times relevant herein and for the time Plaintiffs were employed by Defendants, Defendants failed and willfully failed to pay Plaintiffs an overtime rate of at least 1.5 times their regular rate of pay for all hours worked in excess of forty hours in a week.

28. At all times relevant herein, neither Defendant provided Plaintiffs with the notice(s) required by NYLL 195(1).

29. At all times relevant herein, neither Defendant provided Plaintiffs with the statement(s) required by NYLL 195(3) – the wage statements provided to Plaintiffs did not contain all hours worked by Plaintiffs, nor all wages earned, among other deficiencies.

30. Upon information and belief, and at all times relevant herein, Defendants had revenues and/or transacted business in an amount exceeding $500,000 annually.

31. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York. Defendants purchased trees from several states outside New York.

32. At all times applicable herein and upon information and belief, Defendants conducted business in interstate commerce involving the purchase of essential equipment and supplies for its business.

33. Defendants as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

34. Defendants as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

35. At all times applicable herein and upon information and belief, Defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

36. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems. Plaintiffs all performed cashiering as a regular part of their job with Defendants, including the processing of credit card and similar payments through interstate internet systems and banks.

37. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

38. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiffs of their federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

39. The circumstances of Defendants' termination of Plaintiffs' employment, as well as the hostile work environment created by Defendants for Plaintiff, are under review and Plaintiffs may assert wrongful termination and discrimination/hostile work environment and similar claims against Defendants at a later time.

40. "Plaintiffs" as used in this complaint refers to the named Plaintiffs.

41. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. - Unpaid Overtime

42. Plaintiffs allege and incorporate by reference the allegations in paragraphs 1 through 41 above as if set forth fully and at length herein.

43. At all times relevant to this action, Plaintiffs were employed by Defendants, individually and/or jointly, within the meaning of the FLSA – 29 USC 201 et Seq.

6

44. At all times relevant to this action, Plaintiffs were engaged in commerce and/or in the production of goods for commerce and/or Defendants, individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

45. At all times relevant herein, Defendants, individually and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

46. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiffs overtime compensation at rates of at least 1.5 times their regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

### Relief Demanded

47. Due to Defendants' FLSA violations, plaintiffs are entitled to recover from Defendants, individually and/or jointly, their unpaid overtime compensation, maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. and 12 NYCRR 142-2.2 etc. (Unpaid Overtime)

48. Plaintiffs allege and incorporate by reference the allegations in paragraphs 1 through 47 above as if set forth fully and at length herein.

49. At all times relevant to this action, Plaintiffs were employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

50. At all times relevant herein, Defendants, individually and/or jointly, <u>failed</u> and <u>willfully failed</u> to pay Plaintiffs overtime compensation at rates of at least 1.5 times their regular rate of pay for each hour worked in excess of forty hours in a work-week, in violation of the New

7

York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

## Relief Demanded

51. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, their unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1) and the regulations thereunder.

## AS AND FOR A THIRD CAUSE OF ACTION
## NYLL § 190, 191, 193, 195 and 198

52. Plaintiffs allege and incorporate each and every allegation contained in paragraphs 1 through 51 above with the same force and effect as if fully set forth at length herein.

53. At all times relevant to this action, Plaintiffs were employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

54. Defendants, individually and/or jointly, violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiffs their unpaid non-overtime and overtime wages, and wage deductions, Plaintiffs are entitled to within the time required by NYLL §§ 191, 193 and 198.

55. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiffs with the notice(s) required by NYLL 195(1) – Plaintiffs are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing defendants to comply with NYLL 195(1).

56. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiffs with the statement(s) required by NYLL 195(3) – Plaintiffs therefore entitled to and seeks to recover in this action the maximum recovery for this

violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

### Relief Demanded

57. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiffs are entitled to recover from Defendants, individually and/or jointly, their entire unpaid wages, including their unpaid non-overtime and overtime wages, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

57. Declare Defendants, individually and/or jointly, to be in violation of the Plaintiffs' rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

58. As to the **First Cause of Action**, award Plaintiffs their unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

59. As to the **Second Cause of Action**, award Plaintiffs their unpaid overtime wages, due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

60. As to the **Third Cause of Action**, award Plaintiffs all outstanding wages, including unpaid non-overtime and overtime wages, wage deductions, plus maximum liquidated damages, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing defendants to comply with NYLL 195(1) and NYLL 195(3).

61. Award Plaintiffs prejudgment interest on all monies due;

62. Award Plaintiffs any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

63. Award Plaintiffs such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
          **November 29, 2019**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFFS